UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAREN GRAVES,

    Plaintiff,

-vs-

Case No. 08-11168
Judge Avern Cohn

WAYNE COUNTY THIRD CIRCUIT
COURT and THE HONORABLE WENDY
M. BAXTER, in her individual and official
capacity, jointly and severally,

    Defendants.
_____/

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

### I. Introduction

This is an employment discrimination case based on pregnancy. The *pro se* plaintiff, Karen Graves ("Graves"), is an attorney who worked as a law clerk to defendant Judge Wendy Baxter ("Baxter") of the Third Judicial Circuit Court in Wayne County, Michigan ("the WCCC"). Soon after Baxter hired her, Graves became pregnant and was forced to miss work due to medical complications stemming from the pregnancy. Baxter then discharged Graves.

Graves brought suit under Title VII against the WCCC and Baxter, in both her official and individual capacities. The Court previously issued an order dismissing the claim against the WCCC due to Eleventh Amendment immunity and the claim against Baxter in

her official capacity due to judicial immunity. Now before the Court is Baxter's motion to dismiss the complaint for failure to state a claim, on the grounds that Graves was not an "employee" within the meaning of Title VII and is therefore ineligible to sue under that title. For the reasons discussed below, Baxter's motion will be granted.

## II. Facts

For the purposes of deciding Baxter's motion under FED. R. CIV. P. 12(b)(6), all of the factual allegations in the complaint are accepted as true. The complaint alleges the following.

On February 20, 2007, Graves began working for the WCCC as Baxter's law clerk. On or about May 2, 2007, Graves learned that she was pregnant. She did not immediately inform anyone of the pregnancy due to "a complicated medical history." On May 10, 2007, Graves arrived late to work due to diagnostic medical testing. She was absent from work on May 17 and May 24, 2007, and used sick/personal days on both occasions. On May 17, Graves learned that her pregnancy was "high risk," necessitating frequent trips to the doctor for exams.

On May 18, 2007, Graves told Baxter that she was pregnant and would have to miss some work due to the high-risk nature of the pregnancy. According to the complaint, Baxter's response was to ask if Graves was still in the probationary period of her employment. Graves says that she contacted human resources and confirmed that she was no longer on probation and had earned sick/personal time.

On May 25, 2007, the day after Graves had missed a work day for a doctor's appointment, Baxter called Graves into her office. With a Wayne County Sheriff standing

2

outside the door, Baxter terminated Graves's employment. Baxter allegedly said that the reason for Graves's termination was that Graves had been "missing too much time."

Graves filed a discrimination claim with the Equal Employment Opportunity Commission ("EEOC") on or about June 5, 2007. Following its investigation, the EEOC sent Graves a "right-to-sue" letter on December 20, 2007. Graves then filed this suit on March 18, 2008.

Graves claims that Baxter's actions amounted to intentional discrimination against an employee, and as a result she is entitled to $250,000 of damages, plus lost wages and other ancillary damages and equitable relief.

### III. Legal Standard

A FED. R. CIV. P. 12(b)(6) motion seeks dismissal for a plaintiff's failure to state a claim upon which relief can be granted. "The court must construe the complaint in the light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff can prove a set of facts in support of its claims that would entitle it to relief." Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001). "To survive a motion to dismiss under Rule 12(b)(6), a 'complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n., 176 F.3d 315, 319 (6th Cir. 1999) (quoting Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988)).

3

## IV. Analysis

### A. Title VII

Title VII protections are limited to individuals whom the statute defines as "employees." Birch v. Cuyahoga County Probate Court, 392 F.3d 151, 157 (6th Cir. 2004). "A state government employee, not subject to the civil service laws, is not an 'employee' for Title VII purposes if she works on an elected official's 'personal staff.'" Id. at 158; see also 42 U.S.C. § 2000e(f). Under Michigan law, a person who works in a trial court is an employee of that court. See generally Judicial Attorneys Ass'n v. State, 459 Mich. 291 (1998). Michigan's state civil service laws do not apply to any employees of a "court of record." MICH. CONST. Art. XI, § 5.

The Birch court listed the following six factors as a non-exhaustive list to be used in determining whether an employee is part of an elected official's "personal staff":

> (1) whether the elected official has plenary powers of appointment and removal, (2) whether the person in the position at issue is personally accountable to only that elected official, (3) whether the person in the position at issue represents the elected official in the eyes of the public, (4) whether the elected official exercises a considerable amount of control over the position, (5) the level of the position within the organization's chain of command, and (6) the actual intimacy of the working relationship between the elected official and the person filling the position.

392 F.3d at 158. The personal staff "exception was primarily intended to except the elected official's immediate subordinates." Id. The Court construes the exception narrowly, and it involves a highly intensive factual inquiry. Id.

4

## B.  Discussion

Because the factors enumerated in Birch all indicate that Graves was a member of Baxter's personal staff, Graves was not an "employee" within the meaning of Title VII and therefore cannot state a discrimination claim under that title.

The facts of Birch are analogous to the facts of this case.  Birch, a female, was hired as a Probate Court Magistrate.  When a comparative survey showed that Birch's salary was the lowest of any magistrate, she and three other female magistrates met with the presiding judge of the court and the magistrate who was responsible for the court's administration.  At the meeting, the four female magistrates expressed concern with the salary disparity between male and female magistrates.  The complaint alleged that the presiding judge dismissed their concerns.  After the meeting, Birch claimed that she was subjected to greater scrutiny at work in retaliation for her complaints.  Id. at 155-56.  Birch sued the Probate Court and the presiding judge, alleging race, sex, and age discrimination, retaliation, and intentional infliction of emotional distress, alleging in part a violation of Title VII of the Civil Rights Act.  Id.

The Birch court found that each of the six factors listed above tended to indicate that Birch was part of the presiding judge's personal staff and therefore not an "employee" within the meaning of Title VII: (1) Birch served at the pleasure of the presiding judge, who was an elected official; (2) Birch was accountable only to the presiding judge; (3) Birch, as a magistrate of the Probate Court, represented the presiding judge as well as the Probate Court in the eyes of the public; (4) the presiding judge exerted considerable control over Birch, since he had the power to hire and fire her, controlled her pay raises, and depended on Birch to perform work that he himself could not do; (5) Birch was an immediate

subordinate to the Presiding Judge; (6) Birch's worked on a close, personal basis with the presiding judge. Accordingly, the court held that Birch was not an "employee" for Title VII purposes and dismissed the case.

Like <u>Birch</u>, this case involves a judicial employee asserting a Title VII claim against a judge. The six-factor analysis looks much the same as in <u>Birch</u>: (1) Baxter, an elected official, had plenary power of appointment and removal over Graves; Baxter is the only person who could terminate Graves. MICH. CT. R. 8.110(C)(3)(d) (stating that the Chief Judge of the Circuit Court has authority over all court personnel *except* "a judge's secretary and law clerk, if any"). (2) As a law clerk, Graves was personally accountable only to Baxter. (3) Although this factor is perhaps somewhat murkier than in <u>Birch</u>, Graves could be seen as representing Baxter and the court in the eyes of the public, as any attorney or person interacting with Graves would know that she was working directly for Baxter. (4) Baxter exercised a considerable amount of control over Graves's position, since Graves reported directly to Baxter, and only Baxter could terminate Graves. (5) Graves reported directly to Baxter, avoiding conflict with the <u>Birch</u> court's caveat that "[t]he 'personal staff' exception becomes less applicable the lower the … employee's position." <u>Id</u>. at 158. (6) Lastly, Graves worked on a close, personal basis with Baxter; she reported directly to Baxter and took direction directly from Baxter. Because all of the factors enumerated in <u>Birch</u> tend to indicate that Graves was part of Baxter's personal staff, Graves is not an "employee" under Title VII.

## V. Conclusion

For the reasons stated above, Baxter's motion is GRANTED. The case is DISMISSED.

SO ORDERED.

          s/Avern Cohn
          AVERN COHN
          UNITED STATES DISTRICT JUDGE

Dated: August 8, 2008

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record and Karen Ann Graves, 1045 W Huron River Drive, Belleville, MI 48111 on this date, August 8, 2008, by electronic and/or ordinary mail.

          s/Julie Owens
          Case Manager, (313) 234-5160